**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE HOLMES, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5714** |
| **GERALD A. TURLICH, ET AL.** | **SECTION: "A"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Willie Holmes, Jr., a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983 against the following defendants:  Gerald A. Turlich, the Sheriff of Plaquemines Parish; Orbon Tinson, the Warden of the Plaquemines Parish Detention Center; Amos Cormier, the Parish President of Plaquemines Parish; and James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections. In this lawsuit, plaintiff alleges that, while he was detained in the Plaquemines Parish Detention Center, he was not allowed to attend his father's funeral.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

(1)    is frivolous, malicious, or fails to state a claim upon which relief
may be granted; or

(2)    seeks monetary relief from a defendant who is immune from such
relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

Notwithstanding any filing fee, or any portion thereof, that may have been
paid, the court shall dismiss the case at any time if the court determines that ... the
action …

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary damages against a defendant who is immune from
such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins,

27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous,

the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal

theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490

U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir.

1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does

not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)."  *In re* Katrina Canal Breaches

2

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

As noted, plaintiff brought this action pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  Accordingly, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and *second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.*

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984) (emphasis added).

---

[2] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

In this lawsuit, plaintiff claims that the defendants violated his rights by refusing to allow him to attend his father's funeral.  That claim fails on the second prong of the foregoing test, because it is beyond cavil that an inmate has no federal statutory or constitutional right to attend a relative's funeral.  Rathers v. Raney, No. 99-6627, 2000 WL 1871702, at *2 (6th Cir. 2000); White v. Terrebonne Parish Jail, Civ. Action No. 16-14115, 2016 WL 6471628, at *2 (E.D. La. Nov. 1, 2016); Billizone v. Jefferson Parish Correctional Center, Civ. Action No. 14-2594, 2015 WL 966149, at *9 (E.D. La. Mar. 4, 2015); Carlisle v. Rayburn Correctional Center, Civ. Action No. 07-451, 2007 WL 550054, at *2 (E.D. La. Feb. 16, 2007); Smith v. Tanner, Civ. Action No. 06-1413, 2006 WL 2850182, at *2 (E.D. La. Oct. 3, 2006); Adams v. Garland County Detention Center, No. 05-6086, 2006 WL 1361121, at *2 (W.D. Ark. May 17, 2006); Renfrow v. Morris, No. Civ. A. 3:01CV09, 2001 WL 34564383, at *2 (E.D. Va. Aug. 15, 2001), aff'd, 26 Fed. App'x 286 (4th Cir. 2002); Mercer v. Green Haven Correctional Facility, No. 94 CIV. 6238, 1998 WL 85734, at *3 (S.D.N.Y. Feb. 27, 1998); Allen v. Senkowski, No. CIVA95CV1499, 1997 WL 570691, at *1 (N.D.N.Y. Sept. 11, 1997); Green v. Coughlin, No. 94 Civ. 3356, 1995 WL 498808, at *1 (S.D.N.Y. Aug. 22, 1995); Hipes v. Braxton, 878 F. Supp. 56, 57 (W.D. Va. 1995); Brooks v. Nash, No. 92C243, 1993 WL 266526, at *3 (N.D. Ill. July 15, 1993); Colon v. Sullivan, 681 F. Supp. 222, 223 (S.D.N.Y. 1988).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

      New Orleans, Louisiana, this twenty-second day of June, 2017.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**